USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 22, 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
VICTOR ESTRELLA,                    :
                                    :
                   Movant,          :     11 Civ. 4639 (JFK)
                                    :     01 Cr. 984-02 (JFK)
     -against-                      :
                                    :     **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,           :         **AND ORDER**
                                    :
                   Respondent.      :
------------------------------------X

**John F. Keenan, United States District Judge:**

   Victor Estrella ("Estrella" or "Movant"), who is currently incarcerated at FCI Allenwood, brings this pro se Petition for a Writ of Audita Querela pursuant to 28 U.S.C. § 1651, challenging the legality of his sentence entered in United States v. Felix, No. 01 Cr. 984-02 (JFK).  For the following reasons, the Court construes this application as a motion brought under 28 U.S.C. § 2255 and directs Movant, if he chooses to pursue this application under 28 U.S.C. § 2255, to file an affirmation within sixty (60) days of the date of this Order showing cause why this motion should not be dismissed as time-barred.

## I.  Background

   Estrella was arrested in 2002 and pleaded guilty to one count of conspiracy to possess narcotics with the intent to distribute.  United States v. Felix, No. 01 Cr. 984-02 (JFK) (S.D.N.Y. Dec. 21, 2004).  The Court sentenced Estrella to 120 months' imprisonment and entered judgment on February 16, 2005.

Estrella states that, in the plea agreement, he waived his right to appeal or collaterally attack the judgment and therefore did not appeal or file any motion to vacate under 28 U.S.C. § 2255. He filed this application, styled as a Petition for a Writ of Audita Querela, on June 6, 2011.[1]

In this application, Estrella alleges that his guilty plea was not knowing and voluntary because counsel failed to advise him that, as an alien, his plea would subject him to automatic deportation. (See Mot. at 11.)  Estrella did not learn of this consequence until the immigration authorities placed an immigration detainer. (Id. at 12.)  In advancing this argument, Movant relies on Padilla v. Kentucky, in which the Supreme Court held that a criminal defendant had received ineffective assistance of counsel when his attorney failed to advise him of adverse immigration consequences that "could easily be determined from reading the removal statute." 130 S. Ct. 1473, 1483 (2010).  Estrella further alleges that counsel provided ineffective assistance by advising him to plead guilty when he was actually innocent of the charges because he had no knowledge the car contained cocaine and, in any event, the alleged cocaine

---

[1] Although the application was received by the Court on June 14, 2011, Estrella states that he gave it to prison officials for mailing on June 6, 2011. (Mot. at 15.) See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (per curiam) (petition for a writ of habeas corpus from a pro se prisoner is effectively filed when delivered to prison officials for mailing).

did not actually contain "detectable traces of any narcotics." (Id. at 4 n.3, 8.)

## II. Discussion

### A. Petition Construed as a § 2255 Motion

This application is styled as a Petition for a Writ of Audita Querela. The writ of audita querela has been abolished with respect to civil cases but in criminal cases may be "available where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). "[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). However, the writ of audita querela is "not available to review a criminal conviction when the petitioner could have raised his or her claims in a § 2255 motion." Persico v. United States, 418 Fed. App'x 24, 26 (2d Cir. 2011).

In this application, Movant relies on two grounds for relief: (1) counsel was ineffective in advising him to plead guilty when he was actually innocent of the charges; and (2) his guilty plea was not knowing and voluntary because counsel failed to advise him that, as an alien, his plea would make him subject

to automatic deportation.  With respect to the first ground, Movant could have raised in a § 2255 motion his concerns about counsel's ineffective assistance in advising him to plead guilty notwithstanding his alleged innocence.  See, e.g., Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (defendant's claim that "his attorney was ineffective in advising him to accept the plea agreement . . . survives the appeal waiver because . . . it connects the alleged ineffectiveness of [the] attorney with the voluntary nature of his plea").  A writ of audita querela will not lie for his ineffective assistance of counsel claim because this claim could have been brought in a § 2255 motion.

Turning to Movant's claim relying on Padilla, the United States Court of Appeals for the Second Circuit has not addressed whether, under Teague v. Lane, 489 U.S. 288 (1989), the rule enunciated in Padilla must be applied retroactively on collateral review to judgments that were final before the right was initially recognized by the Supreme Court.  If, as a number of courts have concluded, the right recognized in Padilla is not retroactively available on collateral review, then Movant would not be entitled to relief based on the holding in Padilla.  See, e.g., Richter, 510 F.3d at 104 (a writ of audita querela would not lie where the new right recognized in United States v. Booker, 543 U.S. 220 (2005), did not apply retroactively, there

was thus "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack [did] not give rise to serious constitutional questions"). See also Ellis v. United States, No. 10 Civ. 4017 (BMC), 2011 WL 2199538 (E.D.N.Y. June 6, 2011) ("[The rule in Padilla] is neither profound nor sweeping, nor does it have a fundamental impact on criminal proceedings generally.  I therefore find that the rule announced in Padilla does not apply retroactively.").

In contrast, if the holding in Padilla constitutes a right retroactively available on collateral review, then under § 2255(f)(3), Movant would have had one year from "the date on which the right asserted was initially recognized by the Supreme Court" to bring such a motion.  Given that Movant could have brought a § 2255 motion within one year after the Supreme Court's decision in Padilla, a petition for a writ of audita querela will not lie because an avenue for relief was in fact available.[2]  Setting aside for the moment the question of whether Padilla applies retroactively on collateral review, the Court finds that this application, despite its designation as a

---

[2] The fact that the limitations period might now bar Movant from obtaining relief does not alter the conclusion that § 2255 was the proper vehicle for seeking relief and thus a writ of audita querela is unavailable. See, e.g., Persico, 418 Fed. App'x at 26 (writ is not available to review a criminal conviction when the petitioner could have raised claims in a § 2255 motion).

Petition for a Writ of Audita Querela, should be deemed a motion under § 2255.

The Second Circuit has cautioned the district court against converting mislabeled applications without first giving movant notice and an opportunity to withdraw the application. Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Movant is notified that the Court finds that this application, notwithstanding its designation, should be construed as a Motion under 28 U.S.C. § 2255. If Movant does not want to pursue relief under § 2255, he may notify the Court in writing within sixty (60) days that he wishes to withdraw the application. The Court therefore considers the timeliness of Estrella's motion.

**B.    Timeliness of § 2255 Motion**

Courts calculate the one-year limitations period for bringing a § 2255 motion from the latest of four benchmark dates: (1) the date on which the judgment of conviction becomes final; (2) the date a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f)(1)-(4).

Judgment was entered on February 16, 2005, with respect to the charges against Estrella in United States v. Felix, No. 01 Cr. 984-02 (JFK), and Estrella did not appeal. Judgment therefore became final shortly thereafter--when the period for filing an appeal expired. See Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006). Because it was not brought within one year of the date the judgment of conviction became final, the § 2255 motion is not timely under § 2255(f)(1).

The Motion does not include any allegations suggesting that new facts have been discovered or that a government-created impediment has been removed, and the Motion therefore does not appear timely under § 2255(f)(2) or (4).

Even assuming for the sake of argument that Padilla applies retroactively, Estrella's § 2255 motion would be untimely under § 2255(f)(3), because Movant did not file this application within one year from the date of the Supreme Court's decision in Padilla. The Supreme Court issued its decision in Padilla on March 31, 2010, and this application was filed more than one year after, on June 6, 2011.

Movant is therefore directed to show cause by filling out the attached form affirmation within sixty (60) days and explain why this application should not be time-barred. Movant should allege any facts that show that the delay in submitting this Motion was excusable. Baldayaque v. United States, 338 F.3d 145,

153 (2d Cir. 2003) (recognizing the applicability of equitable tolling in the context of a § 2255 motion). To qualify for equitable tolling, a movant must allege "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

### III.  Conclusion

This application, styled as a Petition for a Writ of Audita Querela, is construed as a motion under 28 U.S.C. § 2255. Movant may notify the Court in writing within sixty (60) days if he wishes to withdraw the Motion.

If Movant chooses not to withdraw the Motion, he is directed to file an affirmation showing cause why the Motion should not be dismissed as time-barred within sixty (60) days of the date of this Order. An Affirmation for Timeliness form, which Movant should complete as specified above, is attached to this Order. If Movant timely files an affirmation, the Court will review it and, if proper, order that the Motion be served on the Government. If Movant fails to comply with this Order within the time allowed or cannot show good cause to excuse such failure, the application will be construed as a Motion under § 2255 and dismissed as time-barred.

As Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of

appealability will not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   New York, New York
         August 18, 2011

John F. Keenan
JOHN F. KEENAN
United States District Judge